# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

| | | |
|---|---|---|
| GLEN LANGEL, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration, | * | No. 5:16CV00304-JJV |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |

## **MEMORANDUM AND ORDER**

Plaintiff, Glen Langel, has appealed the final decision of the Commissioner[1] of the Social Security Administration to deny his claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3

---

[1] Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382(a)(3)(A). "A 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). After consideration of the record as a whole, I find that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was sixty years old at the time of the administrative hearing. (Tr. 39.) He testified he went as far as the twelfth grade in school and served in the military for two years. (Tr. 39-40.) The Administrative Law Judge (ALJ) determined Plaintiff had past relevant work as a maintenance worker. (Tr. 28.)

Plaintiff alleges he is disabled due to a high blood pressure, a heart and back disorder, and depression. (Tr. 176.) The Administrative Law Judge (ALJ)[2] found Mr. Langel had not engaged in substantial gainful activity since October 22, 2013 – the alleged onset date. (Tr. 25.) He has "severe" impairments in the form of degenerative disc disease of the lumbar spine. (*Id*.) The ALJ further found Mr. Langel did not have an impairment or combination of impairments meeting or

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[3]  (Tr. 26.)

The ALJ determined Mr. Langel had the residual functional capacity to perform work at the medium exertional level.  (*Id*.)  He utilized the services of a vocational expert to determine what jobs Plaintiff could perform despite his impairments.  (Tr. 56-58.)  The ALJ concluded Mr. Langel could perform his past work as a "maintenance lead worker."  (Tr. 28.)  Accordingly, the ALJ determined he was not disabled.  (Tr. 29.)

In support of his Complaint, Plaintiff argues the Administrative Law Judge (ALJ) incorrectly concluded his obesity was not a "severe" impairment.  (Doc. No. 14 at 7-10.)  If Plaintiff's obesity was a "severe" impairment, it would, by definition, limit Plaintiff's ability to perform basic work activity.  A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities.  *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008).  It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).  To the contrary, a non-severe impairment is defined as:

> (a)  *Non-severe impairment(s).*  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)  *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;

---

[3]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

    (5) Responding appropriately to supervision, co-workers and usual work situations; and
    (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

  In this case, I conclude Plaintiff's obesity does not amount to a "severe" impairment. First, as the Commissioner points out, Plaintiff did not allege obesity when applying for disability benefits. (Doc. No. 15 at 4, Tr. 61, 71, 176.) And there is simply no medical evidence showing any significant limitation therefrom. A diagnosis does not necessarily mean the impairment is "severe." Plaintiff is reminded he had the burden of proving his disability. Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden.

  Plaintiff also argues the ALJ's residual functional capacity assessment was flawed.[4] (Doc. No. 11-17.) As the ALJ acknowledged, Plaintiff has had back issues for some time. (Tr. 27-28.) He has undergone back surgery (Tr. 300-306), but his surgeon said Mr. Langel was "expected to return to full duty." (Tr. 339.) He continued to experience back pain, but a post-operative electromyographic study was normal. (Tr. 630.) Other diagnostic tests only showed mild anomalies. (Tr. 528.)

  And although Clarence Ballard, M.D., and Rosey Seguin, M.D., reviewed only the medical evidence and did not have the benefit of examining Mr. Langel, their opinions that Plaintiff was capable of performing medium work constitute substantial evidence upon which the ALJ could rely. (Tr. 66-67, 79-81.)

---

[4]I agree with the Commissioner's counsel that his other arguments advanced all relate to the ALJ's residual functional capacity assessment.

The evidence fails to support a conclusion that Mr. Langel is completely disabled. "Disability" is the "inability to engage in any substantial gainful activity by reason of any *medically determinable* physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The overall evidence of record fails to support his claim of disability.

Plaintiff has advanced other arguments that I have considered and find to be without merit. Unquestionably, Plaintiff suffers from some degree of limitation. I am sympathetic to his claims. But it is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 25th day of May, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE